

**Daniel M. Silver**
Wilmington Office Managing Partner

T. 302-984-6331
F. 302-691-1260

dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
www.mccarter.com

October 11, 2021

██████████████████████████████

**VIA CM/ECF**

PUBLIC VERSION FILED: October 18, 2021

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Re:  *In re Entresto (Sacubitril/Valsartan) Patent Litigation*, C.A. No. 20-2930-LPS, *Novartis Pharmaceutical Corporation v. Alkem Laboratories Ltd., et al.*, C.A. No. 19-1979-LPS

Dear Judge Stark:

Pursuant to the Court's October 8, 2021 oral order (20-md-2930, D.I. 358), we write on behalf of Plaintiff Novartis Pharmaceuticals Corporation.  Teva has refused to comply with, or even commit to, its obligations to supplement its non-infringement interrogatory responses before the October 20, 2021 close of fact discovery.  Fact discovery is quickly coming to a close, and if Teva were to raise new non-infringement theories on the last day, Novartis will surely be prejudiced, as it did not have an adequate opportunity to seek relevant fact discovery from Teva on its theories.  Accordingly, for the following reasons, Novartis respectfully requests that the Court order Teva to supplement, prior to the October 20, 2021 close of fact discovery, Teva's deficient responses to interrogatories seeking Teva's bases for its position that it does not infringe the '659, '331, '938 and '134 patents, and to disclose the substantive bases for those contentions, or else to confirm that Teva will not advance any non-infringement contentions for those patents.

**Background**

This is a Hatch-Waxman litigation concerning U.S. Patent Nos. 8,101,659, 8,796,331, 8,877,938 and 9,388,134 for Novartis's Entresto® drug product.  More than a year ago, Novartis and all 17 Defendant Groups in this litigation, including Teva, agreed to a scheduling order (20-md-2930, D.I. 102) setting forth separate fact and expert discovery schedules.  Pursuant to the scheduling order, fact discovery closes on October 20, 2021 (*id.*, ¶ 9.a.), and expert discovery begins on December 3, 2021 (*id.*, ¶ 9.n.i.).

Novartis has complied fully with the scheduling order.

- As required by the order (*id.*, ¶ 9.f.), Novartis served its initial infringement contentions on Teva on October 20, 2020.

- Novartis supplemented those contentions on August 30, 2021, ahead of the scheduling order's September 17, 2021 deadline for final infringement contentions (*id.*, ¶ 17).  In its August 30, 2021 supplemental contentions, Novartis identified additional documents and

October 11, 2021
Page 2

bases for Teva's infringement of the '659, '331, '938 and '134 patents. Novartis also withdrew its contentions that Teva infringed certain claims of the '938 and '134 patents.

- Novartis supplemented those contentions again on September 17, 2021, identifying additional documents and bases for Teva's infringement of the remaining asserted claims of the '938 and '134 patents.

A year ago, on October 20, 2020, Novartis served on Teva Novartis's Interrogatories Nos. 3-5, which seek the bases for Teva's non-infringement contentions regarding the '659, '331, '938 and '134 patents. Teva responded to those interrogatories on November 18, 2020 and supplemented those responses on January 5, 2021. Both responses are deficient.

With respect to the '659 and '331 patents, Teva's initial and supplemental responses ███ ███████████████████████████ Teva did not supplement its responses following the issuance of the Court's July 8, 2021 claim construction decision, in which the Court construed the "combination" claim terms of the '659 and '331 patents as not limited to separate (*i.e.*, not complexed) valsartan and sacubitril compounds (20-md-2930, D.I. 294, p. 6). Teva also did not supplement its responses following the service of Novartis's August 30, 2021 and September 17, 2021 supplemental infringement contentions to Teva.

With respect to the '938 and '134 patents, ████████████████████████████████ ████████████████████

Accordingly, Novartis on September 14, 2021 asked that Teva supplement its non-infringement contention responses for the '659, '331, '938 and '134 patents to provide substantive bases for those contentions, or else confirm that Teva would not continue to advance non-infringement positions for those patents. Teva stated that it would supplement "in due course," but did not commit to doing so before the October 20, 2021 close of fact discovery, thereby leading to this dispute.

Relatedly, Novartis on September 20, 2021 served on Teva a 30(b)(6) deposition notice. 20-md-2930, D.I. 353, pp. 17-18. Teva has neither objected nor responded to that deposition notice. Teva's ongoing refusal to disclose to Novartis its non-infringement positions and its silence on Novartis's 30(b)(6) notice prevents Novartis from learning about Teva's non-infringement theories, and from taking fact discovery about Teva's ANDA products relevant to those theories, including through a Teva 30(b)(6) witness. To be clear, Teva's silence on the 30(b)(6) notice is not part of this discovery dispute. Rather, such silence simply is indicative of Teva's continuing obfuscation of its non-infringement theories.

**<u>Argument</u>**

Novartis's request should be granted. First, Teva's October 20, 2020 and January 5, 2021 non-infringement responses concerning the '659 and '331 patents appear to be based ███████ ████████████████████████████████ That presumption has been decisively

ME1 37706493v.1

October 11, 2021
Page 3

rejected by the Court's claim construction.  Novartis cannot discern any other basis upon which Teva in good faith can maintain a non-infringement position against the '659 and '331 patents. Teva should not be permitted to proceed to expert discovery based upon a non-infringement theory that contradicts the Court's claim construction.  *See, e.g.*, *Kraft Food Group Brands LLC v. TC Heartland, LLC*, No. 14-28-LPS, 2017 U.S. Dist. LEXIS 4602, at *2-5 (D. Del. Jan. 12, 2017) (excluding non-infringement opinions of defendant's expert that were inconsistent with the court's claim construction); *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 13-1668-LPS, 2017 U.S. Dist. LEXIS 182511, at *8-12 (D. Del. Feb. 14, 2017) (striking plaintiff's final infringement contentions that failed to apply the Court's claim construction).

Second, ███████████████████████████████████████████████
████████████

Third, insofar as ████████████████████████████████████████
███████████████████████████████████████, Novartis is entitled to know the substantive bases for those theories now, before the October 20, 2021 close of fact discovery.  Teva's refusal to supplement its non-infringement contention interrogatory responses before the close of fact discovery, and its silence on Novartis's 30(b)(6) deposition notice, clearly prejudices Novartis, because if Teva later raises a new non-infringement theory against the '659, '331, '938 and/or '134 patents, Novartis will not have had an adequate opportunity to seek relevant fact discovery from Teva on that theory, including by documents and/or by deposition of a Teva 30(b)(6) witness.

## Conclusion

For the foregoing reasons, Novartis respectfully requests that the Court grant Novartis's request that Teva supplement, prior to the October 20, 2021 close of fact discovery, Teva's non-infringement contention interrogatory responses for the '659, '331, '938 and '134 patents to disclose the substantive bases for those contentions, or else to confirm that Teva will not advance any non-infringement contentions for those patents.

Respectfully submitted,

/s/ *Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record for Teva (via CM/ECF & Electronic Mail)

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing

document were caused to be served on October 11, 2021 on the following counsel in the manner

indicated:

### VIA EMAIL

John W. Shaw
Karen E. Keller
Nathan R. Hoeschen
SHAW KELLER LLP
1105 North Market Street, 12th Floor
Wilmington, DE 19801
302-298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

Leora Ben-Ami
Mira Mulvany
Mark C. McLennan
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
leora.benami@kirkland.com
mira.mulvaney@kirkland.com
mark.mclennan@kirkland.com

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)

ME1 37707069v.1