**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re ENTRESTO (SACUBITRIL/VALSARTAN) PATENT LITIGATION | MDL No. 20-2930-RGA<br><br>CA Nos. 19-1979-RGA<br><br>19-2021-RGA<br><br>19-2053-RGA<br><br>20-445-RGA |

MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION TO PRECLUDE PORTIONS OF DR. FINTEL'S TESTIMONY

I have reviewed Plaintiff's motion to preclude and the parties' subsequent briefing on the motion. (D.I. 670, 685, 694).

Plaintiff has moved to preclude Dr. Fintel, a clinical cardiologist, from opining on (1) the interpretation of chemical names, structures, and synthetic pathways, and (2) animal models of hypertension and heart failure. (D.I. 670 at 2-5). Plaintiff argues that because Dr. Fintel is concededly not an expert in chemistry or animal models, he is not qualified to testify about these matters. *Id.* Dr. Fintel's expected testimony, however, does not require him to be a formal expert in either area. The Third Circuit assesses an expert's qualifications generously; "a broad range of knowledge, skills, and training qualify an expert as such." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994). To the extent that Dr. Fintel addresses chemistry and animal models of hypertension and heart failure, he may do so from the perspective of a person of ordinary skill in the art who is a clinical cardiologist with whatever degree of knowledge a clinical cardiologist

1

would have of each topic.  *See, e.g., Shire Viropharma, Inc. v. CSL Behring LLC*, 2021 WL 1227097, at *34-35 (D. Del. Mar. 31, 2021) (drug formulator found qualified to testify to a formulator's perspective of certain medical effects of a composition despite not being qualified as a medical expert).

Plaintiff also argues that because Defendants failed to disclose Dr. Fintel's reliance on other experts for his identification of certain compounds as "sacubitril" and "sacubitrilat," he should be precluded from making those identifications at trial.  (D.I. 694 at 4).  As it is uncontroversial that the shorthand names are accurate synonyms for the longer chemical names disclosed in the patents and prior art references, I will allow Dr. Fintel to use the shorthand names even if his expert reports do not attribute that usage to Defendants' chemistry expert.

I recognize the "gate-keeper" function of a federal trial judge.  In a bench trial, however, it is less important that the judge perform this function pretrial.  *See In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006); *United States v. Brown*, 415 F.3d 1257, 1269-70 (11th Cir. 2005); *Sanofi-Aventis U.S. LLC v. Merck Sharp & Dohme Corp.*, 2018 WL 2422003, *2 (D.Del. May 29, 2018); *Sanofi v. Glenmark Pharms. Inc*., 2016 WL 10957311, *1 (D.Del. May 12, 2016).  Whether Dr. Fintel generally is giving appropriate scientific testimony is best resolved in the context of live testimony, cross-examination, and the presentation of contrary evidence.  *See Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 595 (1993).  In particular, whether Dr. Fintel is giving scientific testimony outside his expertise may involve close calls that would best be decided in the specific context of questions and answers at trial.  Plaintiff may object at trial to specific portions of Dr. Fintel's testimony at the appropriate times, and, indeed, to preserve any objection, must timely

make those objections.   To the extent Dr. Fintel's testimony arguably exceeds his expertise, I expect effective cross-examination would reveal that.

For these reasons, Plaintiff's motion (D.I. 670) is DENIED without prejudice to renew by objections to specific testimony at trial.

IT IS SO ORDERED.

Entered this 9th day of September, 2022.


_/s/ Richard G. Andrews____
United States District Judge